UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MYRNA I. RIVERA, | ) | 4:16CV2316 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE SARA LIOI |
| | ) | Magistate Judge David A. Ruiz |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY ADMIN., | ) | |
| | ) | |
| Defendant | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

RUIZ, MAGISTRATE JUDGE

This case is before the undersigned United States Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b). As discussed below, Rivera has failed to file her Brief in this matter despite the court's Order giving her additional time to do so, requiring her to file within the extended time, and warning her that her case may be dismissed with prejudice for failure to prosecute. The undersigned RECOMMENDS that this case be dismissed without prejudice.

I. Background

*Pro se* Plaintiff Myrna I. Rivera ("Rivera") filed a Complaint against the Commissioner of Social Security ("Defendant" or "Commissioner") on September 19, 2016. (R. 1.) On December 23, 2016, the Commissioner timely filed its Answer and

the Transcript of Proceedings. (R. 12 & 13.) Pursuant to the Magistrate Judge's Initial Order, Rivera was required to file her "Brief on the Merits" within thirty (30) days of the filing of the answer and transcript, in accordance with Local Rule 16.3.1. (R. 6.) Rivera did not file a Brief within thirty days, nor did she move the court for an extension of time to do so. On March 7, 2017, this court issued an Order directing Rivera to file her Brief on or before March 24, 2017. (R. 14.) Rivera was advised that failure to do so could result in dismissal with prejudice for want of prosecution. *Id.*

II. Discussion

The Sixth Circuit has indicated that district courts have the inherent power to enter a *sua sponte* order dismissing an action under Federal Rule of Civil Procedure 41(b). *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Carter v. Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)). In determining whether to dismiss a complaint under Rule 41(b) for failure to prosecute, the court considers four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault;
> (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). No factor, alone, is outcome dispositive. *Id.*

2

Here, as discussed earlier, the plaintiff is at fault for not complying with the court's initial scheduling order, as well as the March 7 Order giving her a second opportunity for compliance. In fact, plaintiff appears to have abandoned her case. As to the second factor, there is no great prejudice to the Commissioner, other than having to compile the administrative record unnecessarily and to file the briefs in the case.

As to the third and fourth factors, the plaintiff was explicitly warned that failure to file her brief may result in dismissal with prejudice. Dismissal is an appropriate sanction for plaintiff's failure to comply with multiple court orders and apparent abandonment of her case, because plaintiff has not responded to this court's attempt to impose a less severe sanction, when it permitted a brief to be filed more than two months late. (R. 14.) *See generally Knoll*, 176 F.3d at 363; *Addair v. Commissioner*, No. 1:13CV1603, 2014 WL 810824 at *1-*2 (N.D. Ohio Feb. 25, 2014) (dismissing case with prejudice for failure to prosecute); *Peterson v. Commissioner*, No. 12-11047, 2013 WL 1946184, at *2 (E.D. Mich. Apr. 9, 2013), *adopted by* 2013 WL 1943458 (dismissing case with prejudice).

In addition, Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action where a party fails to comply with a court order. Fed. R. Civ. P. 16(f)(1)(C) provides:

(f) Sanctions.

> *(1) In General.* On Motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2) (A)(ii)-(vii), if a party or its attorney:
> ...
>
> (C) fails to obey a scheduling or other pretrial order.

Although *pro se* plaintiffs are held to less stringent standards than attorneys, cases filed by *pro se* plaintiffs may still be dismissed if the plaintiff fails to meet court orders. *See Jourdan*, 951 F.2d at 110 (finding that *pro se* litigants are not to be accorded any special consideration when they fail to comply with straight-forward procedural requirements and deadlines).

In this case, the Initial Order advised Rivera that her Brief on the Merits was to be filed within thirty (30) days of the filing of the answer and transcript. R. 6, PageID #: 32 (referencing LR 16.3.1). On December 23, 2016, Defendant filed the Answer electronically with this court and certified that a copy of the Answer and transcript were served upon Rivera that same day. R. 12. Therefore, Rivera should have filed her Brief On The Merits by January 23, 2017.

On March 7, 2017, having not received Rivera's Brief on the Merits or a motion for extension of time, this court issued an Order directing Rivera to file her Brief on or before March 24, 2017. (R. 14.) Rivera was advised that failure to do so could result in dismissal with prejudice for want of prosecution. *Id.* To date, Rivera has not filed her Brief, moved for an extension of time, or shown good cause for her inaction.

Accordingly, the undersigned RECOMMENDS that this case be dismissed without prejudice for failure to comply with this court's Orders and for failure to prosecute.

Dated:   April 11, 2017              /s/ David A. Ruiz
                                     David A. Ruiz
                                     United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).